IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ESTATE OF ELBERT TRINKLE, JR., <br> c/o Carol Trinkle, Personal Representative, <br> THOMAS TRINKLE, and <br> CAROL TRINKLE, <br><br> *Plaintiffs*, <br><br> v. <br><br> SHENANDOAH LIFE INSURANCE <br> COMPANY, <br><br> *Defendant*. | * <br> * <br> * <br> * <br> * Civil Action No. RDB-25-1589 <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On April 4, 2025, Plaintiffs, the Estate of Elbert Trinkle, Jr., Thomas Trinkle, and Carol Trinkle filed a Complaint in the Circuit Court for Anne Arundel County, Maryland, against Defendant Shenandoah Life Insurance Company ("Shenandoah") alleging breach of contract, unjust enrichment, and three violations of the Maryland insurance code. (ECF No. 4) This case centers on death benefits from three $5,000 life insurance policies owned by Elbert Trinkle, Jr., which Plaintiffs claim they are owed by Shenandoah. (ECF No. 4) Plaintiffs sought money damages "in an amount in excess of $40,000.00." (*Id.*) Shenandoah timely[1] filed a Notice of Removal in this Court on May 16, 2025, alleging that this Court has subject matter jurisdiction under 28 U.S.C. § 1332, specifically diversity of citizenship jurisdiction with an

---

[1] Shenandoah was served with the Complaint (ECF No. 4) on April 17, 2025, by U.S. mail. (ECF No. 1) Per 28 U.S.C. § 1446, a defendant has thirty days to file a notice of remand in federal court. Therefore, Shenandoah's May 16 Notice of Removal (*Id.*) was timely.

1

amount in controversy of more than $75,000. Presently pending before the Court is Plaintiff's Motion to Remand, which alleges that the Complaint in this case is for a specific sum of approximately $45,000 and is therefore well below the $75,000 threshold for diversity jurisdiction. (ECF No. 10) Accordingly, Plaintiffs request that this matter be remanded back to the Circuit Court for Anne Arundel County. The Court has reviewed the parties' submissions; no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Because the Plaintiffs have clearly stated that the amount in question is $44,978.54, the Court lacks subject matter jurisdiction over the case and Plaintiffs' Motion to Remand (ECF No. 10) is GRANTED.

## BACKGROUND

On April 4, 2025, Plaintiffs sued Shenandoah seeking money damages for allegedly unpaid death benefits from three $5,000 life insurance policies owned by Elbert Trinkle, Jr., and payable upon his death. (ECF No. 4) Plaintiffs brought their claims in the Circuit Court for Anne Arundel County, Maryland. (*Id.*) They asserted breach of contract, unjust enrichment, and three violations of the Maryland insurance code, *see* Md. Code Ann., Ins. §§ 16-206, 27-304, and 27-401, for a total of five counts. (*Id.*) Each count is an alternative theory of relief, and so lists the factual and legal bases for relief followed by a separate paragraph which demands money damages "in excess of $40,000." (*Id.* at 6, 7, 8, 9, 10)

On May 16, Shenandoah timely filed a Notice of Removal in this Court pursuant to 28 U.S.C. §§ 1441 and 1446, claiming that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1) Shenandoah alleges, and Plaintiffs do not dispute, complete diversity of the parties—Plaintiffs are from Maryland, Shenandoah is incorporated and has its principal place of business in Virginia. (*Id.* at 3) Shenandoah alleges that the amount in controversy

2

exceeds $75,000. (*Id.*) Specifically, Shenandoah alleges that Plaintiffs seek a death benefit for each of the three life insurance policies owned by Elbert Trinkle, Jr., in the amounts of at least $16,343.32, $14,317.61, and $14,317.61, for a total of $44,978.54 (*Id.* (citing ECF No. 4 ¶¶ 16–17)). Shenandoah contends that Plaintiffs specifically seek recovery of three times the value of those claims. (*Id.*) Accordingly, Shenandoah argues that the amount in controversy exceeds $75,000, making jurisdiction in this Court proper. (*Id.*)

On June 5, Plaintiffs filed a Motion to Remand the case to state court pursuant to 28 U.S.C. § 1447(c). (ECF No. 10) Plaintiffs argue that they specifically seek amounts totaling $44,978.54. (*Id.*) They further argue that their Complaint in state court made a request for less than $75,000. (*Id.*) This matter is ripe for review.

## STANDARD OF REVIEW

A defendant in a state civil case may remove the action to federal court if the plaintiff could have originally brought the case in federal court. 28 U.S.C. § 1441(a); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 7–8 (1983). In other words, removal is appropriate where the federal district court has original jurisdiction. The burden of establishing a federal court's original jurisdiction falls on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).

If a case has been improperly removed from state court "because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed." *Franchise Tax Bd.*, 463 U.S. at 8 (citing 28 U.S.C. § 1447(c)). Removal jurisdiction "raises significant federalism concerns," so the Court strictly

construes its application. *Mulcahey*, 29 F.3d at 151. "If federal jurisdiction is doubtful, a remand is necessary." *Id.* This strict policy against removal and for remand protects the sovereignty of state governments and state judicial power. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941), and *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). A plaintiff may challenge removal by filing a motion to remand in federal court. 28 U.S.C. § 1447. When the basis of that motion is that the federal court lacks subject matter jurisdiction, the motion is timely so long as it is filed before the federal court enters a final judgment. *Id.* § 1447(c).

## ANALYSIS

Shenandoah alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties have complete diversity and the amount in controversy exceeds $75,000. (ECF No. 1 ¶ 9) Though the parties are completely diverse, Plaintiffs do not allege an amount in controversy above $75,000, leaving the Court without subject matter jurisdiction. Therefore, the Court must remand the case to state court. *Ex parte McCardle*, 74 U.S. 506, 514 (1868).

There are two main bases for subject matter jurisdiction in the federal courts: federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, *id.* § 1332. Shenandoah bases its removal solely on its assertion that this Court has diversity jurisdiction over the case. (*Id.*)

A federal district court has diversity jurisdiction over a claim when the parties are completely diverse and the amount in controversy exceeds $75,000. *Id.*; *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020). Complete diversity means that there is no overlap of state citizenship between the plaintiffs in a case and the defendants. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). The amount in controversy is the

amount of relief sought by the plaintiffs in their complaint, and the "sum claimed by the plaintiff controls." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010).

In this case, Plaintiffs seek money damages for death benefits from three $5,000 life insurance policies owned by Elbert Trinkle, Jr., and payable upon his death. (ECF No. 4) They claim that one of the policies would have been worth at least $16,343.32 upon the death of Trinkle, and that the other two would have each been worth at least $14,317.61. (*Id.* ¶¶ 16–17). Thus, the death benefit Plaintiffs seek from Shenandoah would be worth approximately $44,978.54. This is the amount in controversy in this case. Plaintiffs assert five counts in the Complaint (ECF No. 4), but these counts are alternative theories seeking the same relief. Plaintiff is clearly not intending to aggregate the counts to meet the amount in controversy threshold. Shenandoah does not argue otherwise.

Instead, Shenandoah argues that Plaintiff's Count III is independently sufficient to meet the $75,000 minimum for diversity jurisdiction. (ECF No. 1 ¶ 9; ECF No. 13) That count alleges fraudulent insurance acts under Maryland's Insurance Code, *see* Md. Code Ann., Ins. §§ 27-401, 27-403, 27-408 (West 2025). Under § 27-408, a successful plaintiff may win treble damages. Shenandoah relies on a 2002 opinion of this Court involving treble damages for the proposition that "[w]here a plaintiff claims a specific amount in damages that is less than $75,000, removal is proper only if the defendant can prove to a 'legal certainty' that the plaintiff would actually recover more than that if she prevailed." *Momin v. Maggiemoo's Int'l, LLC*, 205 F. Supp. 2d 506, 509 (D. Md. 2002). (ECF No. 13 at 6) In *Momin*, plaintiffs sought treble

5

damages under a Texas[2] consumer protection law. *Id.* at 508. Though the specific amount of damages sought was $50,000, Judge Blake of this Court found that jurisdiction was proper pursuant to 28 U.S.C. § 1332 because the plaintiffs would have been entitled, under the statutory treble damages provision, to $150,000 had they been successful.

The *Momin* case is distinguishable from this case. The Maryland Insurance Code creates an administrative hearing process. Md. Code Ann., Ins. §§ 2-210 to 2-213 (West 2025). Appeals from that administrative process may only be taken to the Maryland circuit courts. *Id.* § 2-215. Reference to statutory language about the potential recovery of attorney's fees and damages of "up to 'three times the value of the claim'" is not applicable when Plaintiffs specifically seek a fixed amount in this lawsuit. (ECF No. 13) Federal courts risk invading on state sovereignty by retaining cases through removal. *See Syngenta Crop Prot., Inc.*, 537 U.S. at 32. As the United States Court of Appeals for the Fourth Circuit has long instructed, this Court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999). Quite simply, Shenandoah seeks to take statutory language of the potentiality of a three-times multiplier and bootstrap itself to jurisdiction in this Court. This effort is unavailing in light of the specificity of Plaintiffs' request in this case.

Plaintiffs clearly state in their Complaint that they seek damages of $14,317.61 on each of two policies and $16,343.32 on the third. (ECF No. 4 ¶¶ 16-17) That amount totals

---

[2] The case, which concerned a franchise agreement for an ice cream chain, was originally filed in Texas state court and removed to the United States District Court for the Western District of Texas. 205 F. Supp. 2d. at 507–08. The case was transferred to this Court pursuant to a forum selection clause in the franchise agreement. *Id.* at 508.

$44,978.54. The amount "claimed by the plaintiff controls." *St. Paul Mercury Indem. Co.*, 303 U.S. at 288. Plaintiffs have not alleged an amount in controversy above $75,000. This Court, therefore, lacks subject matter jurisdiction and must remand the case to the Circuit Court for Anne Arundel County, Maryland.

## CONCLUSION

For the reasons given above, it is this 23rd day of October, 2025, hereby ORDERED that:

1. Plaintiffs' Motion to Remand (ECF No. 10) is GRANTED;

2. This case is hereby remanded to the Circuit Court for Anne Arundel County, Maryland;

3. The Clerk of Court shall transmit a certified copy of this Order and the record to in this case to the Clerk of the Circuit Court for Anne Arundel County, Maryland;

4. The Clerk of Court shall transmit a copy of this Order to Counsel;

5. The Clerk of Court shall CLOSE this case.

                                        Richard D. Bennett
                                        United States Senior District Judge